**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| MARTY D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:22-CV-084-JRG-DCP |
| | ) | |
| ARCONIC CORPORATION and | ) | |
| ARCONIC TENNESSEE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ANSWER
_____

Defendants Arconic Corporation and Arconic Tennessee, LLC (collectively "Arconic" or "Defendants"), by and through counsel, hereby submit the following in answer and defenses to the Complaint filed against them herein.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent this action is based upon allegations of matters that occurred more than 300 days prior to the time of the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")/Tennessee Human Rights Commission ("THRC"), those allegations are time-barred by 42 U.S.C. § 2000e-5(e).

**THIRD DEFENSE**

To the extent this action is based upon allegations, events, or categories of events which are compensable under the Tennessee Workers' Compensation Law, Tenn. Code Ann. § 50-6-108, those allegations are barred by the exclusive remedies of said Act.

**FOURTH DEFENSE**

To the extent this action is based upon allegations of matters for which Plaintiff filed a charge of discrimination with EEOC/THRC and did not file a lawsuit within ninety days of the issuance of a Notice of Right to Sue by the EEOC, those allegations are time-barred by 42 U.S.C. § 2000e-5(f).

**FIFTH DEFENSE**

To the extent this action is based upon allegations, events, or categories of events which were not the subject of Plaintiff's EEOC/THRC charge, Defendants say this action is barred for failure to exhaust the administrative prerequisite of 42 U.S.C. § 2000e-5(e).

**SIXTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any wrongdoing by Defendants, Plaintiff has failed to mitigate his damages as required by law.

**SEVENTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, estoppel, after acquired evidence, and unclean hands doctrine.

**EIGHTH DEFENSE**

All actions taken with respect to Plaintiff's employment were based upon legitimate and non-discriminatory reasons.

**NINTH DEFENSE**

All actions taken with respect to Plaintiff were taken, made, and done in good faith, based upon prudent business judgment, and were not impermissibly based upon any unlawful consideration or otherwise the result of any unlawful motive.

**TENTH DEFENSE**

Plaintiff was at all times an at-will employee, and he had neither an express or implied contract of employment.

**ELEVENTH DEFENSE**

To the extent that it is later determined that any employee of Defendants engaged in any conduct toward Plaintiff of an unlawful nature as alleged in the Complaint, which is expressly denied, such conduct was committed without the knowledge of Defendants and without Defendants' authorization, and such conduct was outside the course and scope of any such employee's duties. Accordingly, no liability may be imputed under the doctrine of *respondeat superior* or otherwise for the alleged or wrongful conduct of such employee.

**TWELFTH DEFENSE**

With regard to any allegations of unlawful conduct as alleged in the Complaint, which Defendants expressly deny, such conduct was neither severe nor pervasive in nature.

**THIRTEENTH DEFENSE**

To the extent it is later determined that any employee of Defendants committed any unlawful acts or engaged in any unlawful conduct as alleged in the Complaint, which is expressly denied, reasonable care was exercised to prevent such acts and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

## FOURTEENTH DEFENSE

Defendants made good faith efforts to comply with all applicable employment discrimination laws, and did not engage in conduct which would entitle Plaintiff to punitive damages.

## FIFTEENTH DEFENSE

To the extent that this action is based upon allegations of violation of the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.,* which occurred more than one year prior to the filing of Plaintiff's Complaint, those allegations are time-barred by Tenn. Code Ann. § 4-21-311.

## SIXTEENTH DEFENSE

Plaintiff's allegations and his filing of the Complaint are frivolous, unreasonable, groundless, and without foundation and have been made and done in bad faith.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, Defendants rely upon the protection of excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law as provided to it in the Constitution of the United States.

## EIGHTEENTH DEFENSE

The Employment Retirement Security and Income Act of 1984 ("ERISA"), 29 U.S.C. § 1001, *et seq*., bars the Plaintiff's claims pertaining to any denial or loss of any employee benefits.

## NINETEENTH DEFENSE

Plaintiff's Complaint and the factual allegations contained therein are improper as the two hundred and twenty-nine paragraph Complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim."

## TWENTIETH DEFENSE

Plaintiff's claims are preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. §§ 142, 152 and 185.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the remedies set forth in the Collective Bargaining Agreement ("CBA") between Arconic Inc. and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("United Steelworkers") dated May 16, 2019. Further answering, Defendants aver that Plaintiff failed to file a complaint or undergo the grievance process related to any civil rights violation as required by Article XXV of the CBA.

## TWENTY-SECOND DEFENSE

In response to the numbered allegations of the Complaint, Defendants state:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint; therefore, they are denied.

2. The allegations of paragraph 2 of the Complaint are admitted.

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are denied.

5. The allegations of paragraph 5 of the Complaint are denied.

6.     For answer to paragraph 6 of the Complaint, Defendants state that Plaintiff was employed by Arconic Tennessee LLC. All other allegations are denied.

7.     For answer to paragraph 7 of the Complaint, Defendants admit that the nature of the action is as stated; but, they deny that the action is well-founded.

8.     For answer to paragraph 8 of the Complaint, Defendants admit that jurisdiction is proper in this Court; but, they deny that the action is well-founded.

9.     For answer to paragraph 9 of the Complaint, Defendants admit that jurisdiction is proper in this Court; but, they deny that the action is well-founded

10.     For answer to paragraph 10 of the Complaint, Defendants admit that venue is proper in this Court; but, they deny that the action is well-founded.

11.     For answer to paragraph 11 of the Complaint, Defendants admit that Plaintiff filed a Charge of Discrimination and that a Notice of Right to Sue was issued by the EEOC, but Defendants deny that the action is well-founded.  All other allegations are denied.

12.     For answer to paragraph 12 of the Complaint, Defendants admit that the nature of the action is as stated; but, they deny that the action is well-founded. Defendants aver that Plaintiff was terminated on or about May 17, 2021.

13.     The allegations of paragraph 13 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

14.     The allegations of paragraph 14 of the Complaint are admitted.

15.     The allegations of paragraph 15 of the Complaint are admitted.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint; therefore, they are denied.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint; therefore, they are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint; therefore, they are denied.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint; therefore, they are denied.

20.     The allegations of paragraph 20 of the Complaint are denied. Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

21.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint; therefore, they are denied.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint; therefore, they are denied.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint; therefore, they are denied. Defendants aver that Plaintiff contacted Ms. Daniels on or about September 18, 2020 regarding a religious accommodation.

24.     The allegations of paragraph 24 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint; therefore, they are denied.

26.     The allegations of paragraph 26 of the Complaint are admitted. Further answering, Defendants aver that Plaintiff provided an "Excused Absence From Work Request" form which

7

asked "to observe the following Sabbath(s)," and listed only "08/18/2020" as the date for the requested absence.

27. The allegations of paragraph 27 of the Complaint are denied. Defendants aver that Plaintiff subsequently informed Ms. Daniels that his request would be resolved by a pending transfer.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint; therefore, they are denied

29. For answer to the allegations in paragraph 29 of the Complaint, Defendants aver Plaintiff had a history of failing to adhere to the Attendance Policy. All other allegations are denied.

30. For answer to the allegations in paragraph 30 of the Complaint, Defendants aver Plaintiff had a history of failing to adhere to the Attendance Policy. All other allegations are denied.

31. The allegations of paragraph 31 of the Complaint are denied.

32. The allegations of paragraph 32 of the Complaint state a legal conclusion; therefore, no response is required. To the extent a response is necessary, the allegations are denied.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint; therefore, they are denied.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint; therefore, they are denied

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint; therefore, they are denied.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint; therefore, they are denied.

37.     For answer to the allegations in paragraph 37 of the Complaint, Defendants aver Plaintiff had a history of failing to adhere to the Attendance Policy. All other allegations are denied.

38.     The allegations of paragraph 38 of the Complaint are denied.  Defendants aver that Plaintiff subsequently informed Ms. Daniels that his request would be resolved by a pending transfer.

39.     For answer to the allegations in paragraph 39 of the Complaint, Defendants admit that Plaintiff called Ms. Zartman on October 23, 2020 regarding a religious accommodation. All other allegations are denied.

40.     For answer to the allegations in paragraph 40 of the Complaint, Defendants admit that Ms. Zartman stated that she would discuss the accommodation issue; and, in a subsequent phone call, informed Plaintiff that the company would accommodate his request for the upcoming Sabbath. All other allegations are denied.

41.     The allegations of paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint; therefore, they are denied.

43.     The allegations of paragraph 43 of the Complaint are denied. Defendants aver that the first meeting occurred on November 3, 2020.

44.     The allegations of paragraph 44 of the Complaint are denied.

45.     The allegations of paragraph 45 of the Complaint are denied. Defendants aver that the next meeting occurred on November 10, 2020.

46.     For answer to the allegations in paragraph 46 of the Complaint, Defendants aver Plaintiff had a history of failing to adhere to the Attendance Policy. Further answering, Defendants

aver that the occurrences related to Plaintiff's religious beliefs were excused. All other allegations are denied.

47. The allegations of paragraph 47 of the Complaint are denied. Further answering, Defendants aver that Ms. Lynch and others were engaging in the interactive process for Plaintiff's accommodation request.

48. The allegations of paragraph 48 of the Complaint are denied.

49. The allegations of paragraph 49 of the Complaint are denied.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint; therefore, they are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint; therefore, they are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint; therefore, they are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

53. The allegations of paragraph 53 of the Complaint are admitted.

54. The allegations of paragraph 54 of the Complaint state a legal conclusion; therefore, no response is required. To the extent a response is necessary, the allegations are denied.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint; therefore, they are denied.

56. The allegations of paragraph 56 of the Complaint are denied.

57. The allegations of paragraph 57 of the Complaint are admitted.

58. The allegations of paragraph 58 of the Complaint are denied.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint; therefore, they are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

60. The allegations of paragraph 60 of the Complaint are admitted, but Defendant avers that some participants were in-person.

61. The allegations of paragraph 61 of the Complaint are admitted.

62. The allegations of paragraph 62 of the Complaint are denied as specifically pled.

63. The allegations of paragraph 63 of the Complaint are admitted.

64. The allegations of paragraph 64 of the Complaint are admitted.

65. The allegations of paragraph 65 of the Complaint are admitted.

66. The allegations of paragraph 66 of the Complaint are denied as specifically pled.

67. The allegations of paragraph 67 of the Complaint are admitted.

68. The allegations of paragraph 68 of the Complaint are admitted.

69. The allegations of paragraph 69 of the Complaint are admitted. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

70.     The allegations of paragraph 70 of the Complaint are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

71.     The allegations of paragraph 71 of the Complaint are admitted.

72.     The allegations of paragraph 72 of the Complaint are denied. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

73.     The allegations of paragraph 73 of the Complaint are denied as specifically pled.

74.     The allegations of paragraph 74 of the Complaint are admitted.

75.     The allegations of paragraph 75 of the Complaint are admitted.

76.     The allegations of paragraph 76 of the Complaint are denied.

77.     The allegations of paragraph 77 of the Complaint are denied.

78.     The allegations of paragraph 78 of the Complaint are denied as specifically pled. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

79.     The allegations of paragraph 79 of the Complaint are denied as specifically pled. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

80.     The allegations of paragraph 80 of the Complaint are denied.

81.     The allegations of paragraph 81 of the Complaint are denied.

82.     The allegations of paragraph 82 of the Complaint are admitted.

83.     The allegations of paragraph 83 of the Complaint are admitted.

84.     The allegations of paragraph 84 of the Complaint are denied as specifically pled. Further answering, Defendants aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the company.

85.     The allegations of paragraph 85 of the Complaint are denied as specifically pled. Further answering, Defendants aver that the CBA with Plaintiff's union includes a one-year transfer rule for certain employees.

86.     The allegations of paragraph 86 of the Complaint are denied as specifically pled.

87.     The allegations of paragraph 87 of the Complaint are admitted.

88.     The allegations of paragraph 88 of the Complaint are denied as specifically pled.

89.     The allegations of paragraph 89 of the Complaint are admitted.

90.     The allegations of paragraph 90 of the Complaint are admitted.

91.     The allegations of paragraph 91 of the Complaint are admitted.

92.     The allegations of paragraph 92 of the Complaint are denied as specifically pled.

93.     The allegations of paragraph 93 of the Complaint are admitted. Further answering, Defendant avers that between December 14, 2020 and December 17, 2020, Ms. Zartman and others were engaging in the interactive process for Plaintiff's accommodation request.

94.     For answer to the allegations of paragraph 94 of the Complaint, Defendants aver that an accommodation was offered and accepted by Mr. Davis and his union. The accepted accommodation was: "If scheduled 12 hours on Fridays and the employee is working days, the employee can be released approx. 1 hour early (exact time dependent on sunset time). If working 8 hour shifts and the employee is forced to work evening shift, on Friday evening, the Company will review this request on a case by case basis, dependent upon business needs at that time. The employee can attempt to swap shifts with another employee when scheduled for Saturday. Failure

13

to find someone to swap shifts with him, will result in the Company being unable to accommodate his request." All other allegations are denied.

94. The allegations of paragraph 95 of the Complaint are denied. Further answering, Defendant aver that the CBA with Plaintiff's union states that shifts and schedules may be changed at any time by the Company.

96. The allegations of paragraph 96 of the Complaint are admitted.

97. The allegations of paragraph 97 of the Complaint are admitted.

98. The allegations of paragraph 98 of the Complaint are denied.

99. The allegations of paragraph 99 of the Complaint are denied.

100. The allegations of paragraph 100 of the Complaint are denied.

101. The allegations of paragraph 101 of the Complaint are denied.

102. The allegations of paragraph 102 of the Complaint are denied. Further answering, Defendants aver that Plaintiff never objected to the agreed upon accommodation.

103. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the Complaint; therefore, they are denied.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint; therefore, they are denied.

105. The allegations of paragraph 105 of the Complaint are denied.

106. The allegations of paragraph 106 of the Complaint are denied.

107. The allegations of paragraph 107 of the Complaint are denied.

108. The allegations of paragraph 108 of the Complaint are denied as specifically pled. Further answering, Defendants aver that the CBA with Plaintiff's union includes a one-year transfer rule for certain employees.

14

109.    The allegations of paragraph 109 of the Complaint are denied.

110.    The allegations of paragraph 110 of the Complaint are denied.

111.    The allegations of paragraph 111 of the Complaint are denied. Further answering, Defendant's aver that Plaintiff's union declined to waive the one-year transfer rule in the CBA for certain employees.

112.    The allegations of paragraph 112 of the Complaint are denied.

113.    The allegations of paragraph 113 of the Complaint are denied.

114.    The allegations of paragraph 114 of the Complaint are denied.

115.    The allegations of paragraph 115 of the Complaint are denied.

116.    The allegations of paragraph 116 of the Complaint are denied.

117.    The allegations of paragraph 117 of the Complaint are denied.

118.    The allegations of paragraph 118 of the Complaint are denied as specifically pled.

119.    The allegations of paragraph 119 of the Complaint are denied.

120.    The allegations of paragraph 120 of the Complaint are denied.

121.    The allegations of paragraph 121 of the Complaint are denied.

122.    The allegations of paragraph 122 of the Complaint are denied.

123.    The allegations of paragraph 123 of the Complaint are denied.

124.    The allegations of paragraph 124 of the Complaint are denied.

125.    The allegations of paragraph 125 of the Complaint are denied.

126.    The allegations of paragraph 126 of the Complaint are denied.

127.    The allegations of paragraph 127 of the Complaint are denied. Further answering, Defendants aver that Plaintiff never objected to the agreed upon accommodation.

128.    The allegations of paragraph 128 of the Complaint are denied.

15

129.     The allegations of paragraph 129 of the Complaint are denied.

130.     The allegations of paragraph 130 of the Complaint are denied.

131.     The allegations of paragraph 131 of the Complaint are denied.

132.     The allegations of paragraph 132 of the Complaint are denied.

133.     The allegations of paragraph 133 of the Complaint are denied.

134.     The allegations of paragraph 134 of the Complaint are denied. Further answering, Defendants deny violating Plaintiff's rights under federal or state law.

135.     Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

136.     The allegations of paragraph 136 of the Complaint are denied.

137.     The allegations of paragraph 137 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is necessary, the allegations are denied.

138.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint; therefore, they are denied.

139.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139 of the Complaint; therefore, they are denied.

140.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 140 of the Complaint; therefore, they are denied.

141.     The allegations of paragraph 141 of the Complaint are admitted.

142.     The allegations of paragraph 142 of the Complaint are denied.

143.     The allegations of paragraph 143 of the Complaint are denied as specifically pled.

144.     The allegations of paragraph 144 of the Complaint are denied.

145.     The allegations of paragraph 145 of the Complaint are denied.

146.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146 of the Complaint; therefore, they are denied.

147.     The allegations of paragraph 147 of the Complaint are denied.

148.     The allegations of paragraph 148 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is necessary, the allegations are denied. Further answering, Defendants aver that Plaintiff never objected to the agreed upon accommodation.

149.     The allegations of paragraph 149 of the Complaint are denied.

150.     The allegations of paragraph 150 of the Complaint are denied.

151.     The allegations of paragraph 151 of the Complaint are denied.

152.     The allegations of paragraph 152 of the Complaint are denied.

153.     The allegations of paragraph 153 of the Complaint are denied.

154.     The allegations of paragraph 154 of the Complaint are denied.

155.     The allegations of paragraph 155 of the Complaint are denied.

156.     The allegations of paragraph 156 of the Complaint are denied.

157.     The allegations of paragraph 157 of the Complaint are denied.

158.     The allegations of paragraph 158 of the Complaint are denied.

159.     The allegations of paragraph 159 of the Complaint are denied.

160.     Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

161.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint; therefore, they are denied.

162.     The allegations of paragraph 162 of the Complaint are denied.

Case 3:22-cv-00084-JRG-DCP   Document 11   Filed 04/21/22   Page 17 of 22   PageID #: 72

163. For answer to the allegations of Paragraph 163, Defendants admit knowing that Plaintiff asked for a religious accommodation. All other allegations are denied.

164. The allegations of paragraph 164 of the Complaint are denied.

165. The allegations of paragraph 165 of the Complaint are denied.

166. The allegations of paragraph 166 of the Complaint are denied.

167. The allegations of paragraph 167 of the Complaint are denied.

168. The allegations of paragraph 168 of the Complaint are denied.

169. The allegations of paragraph 169 of the Complaint are denied.

170. Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

171. The allegations of paragraph 171 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

172. The allegations of paragraph 172 of the Complaint are denied.

173. The allegations of paragraph 173 of the Complaint are denied as specifically pled.

174. The allegations of paragraph 174 of the Complaint are denied.

175. The allegations of paragraph 175 of the Complaint are denied as specifically pled.

176. The allegations of paragraph 176 of the Complaint are denied.

177. The allegations of paragraph 177 of the Complaint are denied.

178. Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

179. The allegations of paragraph 179 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

180. The allegations of paragraph 180 of the Complaint are denied.

18

181. The allegations of paragraph 181 of the Complaint are denied as specifically pled.

182. The allegations of paragraph 182 of the Complaint are denied.

183. The allegations of paragraph 183 of the Complaint are denied as specifically pled.

184. The allegations of paragraph 184 of the Complaint are denied.

185. The allegations of paragraph 185 of the Complaint are denied.

186. Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

187. The allegations of paragraph 187 of the Complaint are denied.

188. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 of the Complaint; therefore, they are denied.

189. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 189 of the Complaint; therefore, they are denied.

190. The allegations of paragraph 190 of the Complaint are admitted.

191. The allegations of paragraph 191 of the Complaint are denied.

192. The allegations of paragraph 192 of the Complaint are denied as specifically pled.

193. The allegations of paragraph 193 of the Complaint are denied.

194. The allegations of paragraph 194 of the Complaint are denied.

195. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195; therefore, they are denied.

196. The allegations of paragraph 196 of the Complaint are denied.

197. The allegations of paragraph 197 of the Complaint are denied.

198. The allegations of paragraph 198 of the Complaint are denied.

199. The allegations of paragraph 199 of the Complaint are denied.

200.     The allegations of paragraph 200 of the Complaint are denied.

201.     The allegations of paragraph 201 of the Complaint are denied.

202.     The allegations of paragraph 202 of the Complaint are denied.

203.     The allegations of paragraph 203 of the Complaint are denied.

204.     Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

205.     Defendants are without knowledge or information sufficient to form a belief as to the truth to the allegations of paragraph 205 of the Complaint; therefore, they are denied.

206.     The allegations of paragraph 206 of the Complaint are denied.

207.     For answer to the allegations of Paragraph 207, Defendants admit knowing that Plaintiff asked for a religious accommodation. All other allegations are denied.

208.     The allegations of paragraph 208 of the Complaint are denied.

209.     The allegations of paragraph 209 of the Complaint are denied.

210.     The allegations of paragraph 210 of the Complaint are denied.

211.     The allegations of paragraph 211 of the Complaint are denied.

212.     The allegations of paragraph 212of the Complaint are denied.

213.     The allegations of paragraph 213 of the Complaint are denied.

214.     Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

215.     The allegations of paragraph 215 of the Complaint state a legal conclusion to which no response is required. To the extent a response is necessary, the allegations are denied.

216.     The allegations of paragraph 216 of the Complaint are denied.

217.     The allegations of paragraph 217 of the Complaint are denied as specifically pled.

218.    The allegations of paragraph 218 of the Complaint are denied.

219.    The allegations of paragraph 219 of the Complaint are denied as specifically pled.

220.    The allegations of paragraph 220 of the Complaint are denied.

221.    The allegations of paragraph 221 of the Complaint are denied.

222.    Defendants restate and reallege their responses to the foregoing allegations as if fully set forth herein.

223.    The allegations of paragraph 223 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is necessary, the allegations are denied.

224.    The allegations of paragraph 224 of the Complaint are denied.

225.    The allegations of paragraph 225 of the Complaint are denied as specifically pled.

226.    The allegations of paragraph 226 of the Complaint are denied.

227.    The allegations of paragraph 227 of the Complaint are denied as specifically pled.

228.    The allegations of paragraph 228 of the Complaint are denied.

229.    The allegations of paragraph 229 of the Complaint are denied.

230.    Defendants deny that Plaintiff is entitled to the relief sought or to any relief whatsoever in this civil action.

231.    All allegations not admitted, denied, or explained herein are hereby denied.

NOW HAVING FULLY ANSWERED, Defendants request that they be dismissed with their costs, attorney fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ James T. Snodgrass
Robert L. Bowman (BPR No. 017266)
James T. Snodgrass (BPR No. 036212)
**KRAMER RAYSON LLP**
Post Office Box 629
Knoxville, TN  37901-0629
Telephone:  865.525.5134
E-mail:  rlbowman@kramer-rayson.com
E-mail:  jsnodgrass@kramer-rayson.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

/s/James T. Snodgrass
James T. Snodgrass